## Commonwealth ex rel. Gifford, Appellant, *v.* Maroney.

Submitted April 17, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Clarence A. Gifford,* appellant, in propria persona.

*Michael E. Kusturiss,* Assistant District Attorney, and *Michael A. Hanna,* District Attorney, for appellee.

OPINION BY RHODES, P. J., June 13, 1963:

This is an appeal by relator from an order of the Court of Common Pleas of Washington County dismissing relator's petition for a writ of habeas corpus, following the granting of a rule, filing of an answer by

the District Attorney, and a full hearing on the petition.

Relator was indicted on August 22, 1961, at No. 238, May Sessions, 1961, in the Court of Quarter Sessions of Washington County. The indictment charged armed robbery, pointing a deadly weapon, violation of the Uniform Firearms Act, and robbery with force. Indictments at No. 239, May Sessions, 1961, and No. 240, May Sessions, 1961, also charged robbery. The three indictments covered three distinct robberies. Upon arraignment on August 28, 1961, relator requested and obtained postponement to procure a copy of his service record. On September 22, 1961, relator endorsed pleas of guilty on all of the above indictments in the presence of Honorable GEORGE T. CUMMINS. In the testimony taken on the pleas of guilty, the prosecuting officers related in detail the circumstances of the robberies. When asked if he had anything to say, relator replied: "No, sir, I don't; I am guilty, as stated there." Relator was then sentenced to serve a term of not less than eight years nor more than sixteen years.

On August 10, 1962, relator filed his petition for writ of habeas corpus in the Court of Common Pleas of Washington County. On August 16, 1962, the court granted a rule to show cause why the writ should not issue with notice to the District Attorney of Washington County, and at the same time appointed Robert L. Ceisler, Esq., to represent relator on the habeas corpus petition. In his petition relator alleged that he was induced to sign the pleas of guilty on promises of leniency; that he was deprived of his right to counsel under the Sixth and Fourteenth Amendments; that he was ignorant of such right of counsel; and that he did not waive his right to counsel. The District Attorney filed an answer to relator's petition, denying that relator was promised leniency. On the question of the right to counsel, the District Attorney's answer

"denied the petitioner at no time waived his right to benefit of counsel," and further "denied that petitioner was totally ignorant of his right to the benefit of counsel and that at no time was such service offered to him; on the contrary, it is averred that said defendant made no such request for counsel and at all times was fully conversant with his rights, and at all times requested that all cases pending against him be disposed of immediately." The Court of Common Pleas, next entered an order granting relator a full hearing on his petition. At the hearing relator, represented by counsel appointed by the court on the habeas corpus proceeding, testified that at the criminal trial he was not asked whether he wanted an attorney and that he did not ask for an attorney. Relator admitted two of the robberies charged, but denied committing the third at Charleroi. Also, on the habeas corpus hearing the various police officers testified at length as to relator's admission of guilt in all three robberies, and the victim of the Charleroi holdup testified to her previous positive identification of relator as the individual who held her up at gunpoint. Following the hearing, the Court of Common Pleas of Washington County, on October 25, 1962, entered an order dismissing the petition.

Whether relator was deprived of his constitutional right to counsel, and whether he subsequently waived that right involves a factual determination of exactly what took place at the time of the pleas of guilty and sentencing. Evidence of this nature should be produced at the habeas corpus hearing. We believe that, for a proper determination of the vital issue raised below, additional hearings should be held to further ascertain the relevant factual situation regarding the lack of representation by counsel at the time of relator's pleas of guilty and sentencing.

The order of the Court of Common Pleas of Washington County dismissing the writ is reversed, and the

case is remanded for further proceeding consistent with this opinion.